IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JOSEPH CASTILLO,
an individual,

  PLAINTIFF,

v.  Case No. <u>5:22-cv-00174-FB</u>

SAFAIZ INTERNATIONAL INC.,
an incorporated company,

  DEFENDANT.

**RESPONSE AND MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS**

Plaintiff submits that the Motion to Dismiss should be denied for the following reasons:

1. Plaintiff, Joseph Castillo, is a wheelchair-bound Americans with Disabilities ("ADA") "tester" for purposes of making his home community more accessible for himself and other similarly situated disabled persons.[1]

2. Plaintiff resides within ***thirty (30) miles*** of the Defendant's property at 1601 N Zarzamora, San Antonio, TX 78201 ("Subject Property") that is ADA non-compliant with the ADA.[2]

3. Plaintiff visited Defendant's business on multiple occasions only to encounter physical barriers which have prevented him from the "full and equal enjoyment of the…services, facilities…or accommodations of any place of public accommodation" as able-bodied persons. In his Complaint, Plaintiff has specifically alleged numerous violations of the ADA that he encountered on his previous visits to the Subject Property.[3]

---

[1] See ECF Document 3 Complaint, Paragraph 7.
[2] <u>Id</u>.; See Allegation 11.
[3] <u>Id</u>.; See Allegation 25.

4. During these visits, Plaintiff suffered injury in fact when he was denied the ability to exercise his basic right of "full and equal enjoyment" of the Subject Facility's public services, facilities, and accommodations due to the Defendant's failure to comply with ADA regulations and standards.[4]

5. Furthermore, Plaintiff intends to revisit the Subject Facility in the near future to once again attempt to exercise his basic rights granted under the ADA.[5]

6. Defendant cannot rely on Laufer v. Mann Hospitality[6] or Strojnik v. Teof Hotel GP, LLC,[7] because they are factually and legally inapplicable. As shown below, Plaintiff has standing to bring this action.

## ARGUMENT

### I. This Court has subject matter jurisdiction because Plaintiff has adequately alleged a plausible set of facts that give rise to his cause of action under the ADA.

For a claim to survive a motion to dismiss, all that is required "is to allege a plausible set of facts establishing jurisdiction."[8] When determining whether a plausible set of facts establishes jurisdiction, the Court must "consider the allegations in the plaintiff's complaint as true."[9]

Plaintiff has alleged a plausible set of facts to survive a motion to dismiss at this stage of litigation. To plead a valid claim which would survive a motion to dismiss, the allegations must pass the two-factor test established in *Twombly* and later clarified in *Iqbal*.[10] In *Twombly,* the Supreme Court established that a valid pleading must (1) be "plausible on its face," and (2) have

---

[4] Id.; See Allegation 25.
[5] Id.; See Allegation 22.
[6] Laufer v. Mann Hospitality, L. L.C., 996 F.3d 269 (5th Cir. 2021).
[7] Strojnik v. Teof Hotel GP, 2020 WL 5211063 (N.D. Tex. Aug. 31, 2020)
[8] Laufer v. Mann Hospitality, L. L.C., 996 F.3d 269 (5th Cir. 2021); citing Physician Hosps. of Am. v. Sebelius, 691 F.3d 649, 652 (5th Cir. 2012).
[9] Id.; citing to St. Tammany Par., ex rel. Davis v. Fed. Emergency Mgmt. Agency, 556 F.3d 307, 315 (5th Cir. 2009) (citations omitted).
[10] Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 167 L. Ed. 2d 929, 550 U.S. 544 (2007); see also Ashcroft v. Iqbal - 556 U.S. 662, 129 S. Ct. 1937 (2009).

sufficient specificity "to raise a right to relief above the speculative level."[11] To survive the plausibility factor, a plaintiff must allege facts that raise more than a mere possibility of occurrence.[12] A claim will satisfy this factor if the pleadings allow the court to draw reasonable inference that the defendant is liable for the misconduct which resulted in injury.[13]

First, Defendant makes the argument that the allegations advanced by Plaintiff do not meet the plausibility standard because Defendant makes a conclusory allegation that "Mr. Castillo visited the property with no plausible intent to use its good and services." Defendant's conclusory allegation is without any basis and in fact, Defendant provides no support for it. Nevertheless, attached as Exhibit A, is a copy of the receipt received by Plaintiff during his visit to the Subject Property.

Defendant argues that "testers" are no longer proper Plaintiffs in civil rights cases, but the Court in Laufer[14], the case in which Defendant chiefly relies, reaches no such conclusion. Defendant argues further that "to be plausible there must be some explanation of why (Castillo) was at the property." Defendant is attempting to create a legal standard without any basis in law.

Plaintiff pled that he was denied rights granted to him under the ADA when he visited and attempted to utilize the facilities at the Subject Property on multiple occasions. Further, Plaintiff lives within 30 miles of the Subject Property. Despite his disability, Plaintiff is not confined to his home and travels throughout the local area regularly not only for personal matters, but also as an ADA tester. [15] To argue that it is not plausible for a local resident to stop at any given gas station or convenient store within a short distance of his home is specious at best.

---

[11] Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 167 L. Ed. 2d 929, 550 U.S. 544 (2007).
[12] Id.
[13] Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937 (2009).
[14] Laufer v. Mann Hospitality, L. L.C., 996 F.3d 269 (5th Cir. 2021).
[15] See ECF Document 3 Complaint, Factual Allegation 9.

Secondly, Plaintiff has pled with sufficient specificity claims which raise the right to relief beyond a speculative level. In his Complaint, Plaintiff has pled that Defendant's failure to maintain its premises in compliance with ADA regulations and standards has led to his inability to exercise his rights granted under federal law. Plaintiff has listed specific physical barriers he encountered when he attempted to utilize the facilities at the Subject Property which are in violation of the ADA.[16] For example, Plaintiff stated there was not enough designated accessible parking spaces and no access aisles making it dangerous for Plaintiff to utilize the parking facility.[17] Also, Plaintiff stated he was unable to traverse the parking facilities safely because there is no accessible route provided from the public sidewalk to the accessible entrance.[18]

Thus, Plaintiff has satisfied the pleading standard set forth by the Supreme Court. As a result, the Court does have subject matter jurisdiction over the case and Defendant's Motion to Dismiss should be denied on those grounds.

II. **Plaintiff has standing to bring this claim under the ADA.**

Plaintiff has standing to bring this claim under the ADA. Standing requires a plaintiff demonstrate that he "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."[19]

First, Plaintiff suffered an injury in fact when he was unable to safely utilize the accommodations and facilities at the Subject Property due to the numerous physical barriers he encountered during his visits. Plaintiff has a right to "the full and equal enjoyment of the…services,

---

[16] Id.; see Allegation 25.
[17] Id.; see Allegation 25(b) and (c).
[18] Id.; see Allegation 25(i).
[19] Spokeo, Inc. v. Robins, U.S. 136 S. Ct. 1540 1547, 194 L.Ed.2d 635 (2016) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) ), as revised (May 24, 2016).

4

facilities…or accommodations of any place of public accommodation," irrespective of disability, granted to him by the ADA.[20]

Next, the injury in fact is fairly traceable to the conduct of Defendant as the ongoing injury suffered by Plaintiff is a result of Defendant's failure to maintain the premises in compliance with ADA regulations and standards. Defendant is the owner/lessor/ and/or property manager of the Subject Property and its accompanying facilities. Defendant's failure to maintain the premises in compliance with ADA regulations and standards have resulted in physical barriers being present which prevent Plaintiff from the full and equal enjoyment of its facilities.

Finally, the injury suffered by Plaintiff is likely to be redressed by a favorable judicial decision, because it would force Defendant to remove the physical barriers currently preventing Plaintiff from safely utilizing the facility. Removal of the physical barriers at the Subject Property would allow Plaintiff and other similarly situated disabled persons the ability to freely exercise their rights granted under federal law, while also achieving Plaintiff's praise-worthy goal of making his community a more accessible one.

Ultimately, Plaintiff has validly pled the elements necessary for standing under the ADA as he has detailed (1) that he has suffered an injury in fact, (2) that the injury in fact is fairly traceable to the conduct of Defendant, and (3) the injury is likely to be redressed by a favorable judicial decision. As such, Defendant's Motion to Dismiss should be denied on those grounds.

Defendant cites to a non-controlling district court case in stating that Plaintiff has not adequately alleged that the remediation to the barriers to entry present at the property is readily achievable.[21]   However, Plaintiff has alleged that remediation of the barriers could be

---

[20] 42 U.S. Code § 12182 (a) – Prohibition against discrimination by public accommodations.
[21] See ECF Document 8 Motion to Dismiss, Pages 10-12.

accomplished without significant difficulty or expense.[22] At this stage of litigation, all factual allegations must be taken as true. Prior to discovery being conducted in this matter, it would be impossible for Plaintiff to contemplate a specific remedy for each alleged barrier to entry. Such a requirement would necessitate Plaintiff to retain an expert prior to filing suit to determine a specific repair needed for each violation.

   **III.   Plaintiff has alleged imminent future injury that supports injunctive relief, and further the <u>Strojnik</u> case is factually and legally inapplicable to the case at bar.**

Plaintiff agrees with Defendant that for cases brought under Title III of the ADA a plaintiff must show an imminent future injury that will be avoided if injunctive relief is granted because injunctive relief is the only relief available to a Title III plaintiff. This requires that the anticipated injury be an injury in fact and that it be imminent. Plaintiff has alleged that he has visited the Subject Property on December of 2021 prior to filing the initial complaint.[23] Plaintiff further alleges he is in the vicinity of the Subject Property numerous times every month, if not every week.[24] Further, Plaintiff makes the claim that he intends on revisiting the Subject property within six months of the filing of his Complaint or sooner, as soon as the barriers to access detailed in the Complaint are removed; the purpose of the revisit is to be a regular patron and to determine if and when the Subject Property is made accessible.[25]

As previously stated, all allegations of the Complaint are to be read as true for purposes of determining the merit of a Motion to Dismiss. The Court must accept Plaintiff's allegation as true that he will return to the property as a regular patron and to determine if the violations at the property have been remedied. This is not a "someday" allegation as it is characterized by

---

[22] See ECF Document 3 Complaint, Paragraph 30.
[23] <u>Id.</u>; Paragraph 9.
[24] <u>Id.</u>; See Paragraph 11.
[25] <u>Id.</u>; See Paragraphs 13-14.

Defendant.[26] Plaintiff has given a time frame in which he plans to return to the Subject Property, and sooner if Defendant make the Subject Property ADA-complaint.

Defendant relies upon Strojnik v. Teof Hotel GP when attempting to undermine Plaintiff's intentions to return to the Subject Property.[27] In Strojnik, the plaintiff alleged that he had been discriminated against by a hotel that was **hundreds** of miles from where he lived. The complaint was dismissed in that case after the Court considered (1) Strojnik's proximity to the hotel; (2) his past patronage; (3) the definitiveness of his plan to return to the hotel; and (4) his frequency of nearby travel.[28] When applying that test to the case at bar, this Court should find that Plaintiff has adequately pled that he does in fact have a plausible intent to return to the property. Plaintiff has alleged he lives within thirty (30) miles of the Subject Property; he has patronized this property in the past before filing suit; he has clear and definite plans to return to the property; and he is frequently in the area of the Subject Property. At this point, these allegations must be taken as true.

Unsurprisingly, Defendant makes no mention of Kennedy v. Sai Ram Hotels LLC, which was quoted and distinguished by the Court in Strojnik.[29] In that case, the plaintiff sued a hotel chain for lacking requisite ADA compliant hotel accommodations.[30] Kennedy's complaint survived Defendant's motion to dismiss, because Kennedy alleged she frequently travels near the hotel, and she planned to return to hotel and its website within eight months.[31] When considering plausibility of return, the *Kennedy* Court stated that [plaintiff]'s status as a tester plausibly increases the likelihood that she will visit the Rodeway Inn's website again to test its ADA compliance.[32]

---

[26] See ECF Document 15 Motion to Dismiss, Page 7.
[27] Strojnik v. Teof Hotel GP, 2020 WL 5211063 (N.D. Tex. Aug. 31, 2020)
[28] Id.; at Page 6.
[29] See Strojnik v. Teof Hotel GP at 8, Quoting Kennedy v. Sai Ram Hotels LLC, No. , 2019 WL 2085011 (M.D. Fl. May 13, 2019)
[30] Kennedy v. Sai Ram Hotels LLC, No. , 2019 WL 2085011 (M.D. Fl. May 13, 2019), at 2.
[31] Id.
[32] Id. At 10.

**IV.  The Laufer case is factually and legally inapplicable to the case at bar, because the injury suffered by Plaintiff in the case at bar is a concrete injury in fact.**

Plaintiff has a concrete interest in being able to visit and use the facilities at the Subject Property. It is noted that "the deprivation of a right created by statute must be accompanied by 'some concrete interest that is affected by the deprivation.'"[33] Defendant unsuccessfully tries to argue that Plaintiff has no concrete interest affected by the deprivation of his right to use the public facilities at the Subject Property by comparing the facts here to the Laufer case.[34]

In the Laufer case, the plaintiff sued an inn for failure to identify rooms accessible to disabled persons in postings on third-party websites.[35] Much like the Strojnik case (and unlike the *Kennedy* case), the plaintiff in Laufer lived far away from the subject property – ***approximately two thousand miles in the Laufer case.*[36]**  Notably, the plaintiff in Laufer never actually visited the inn itself or even attempted to book a room there.[37] In that case, the plaintiff only alleged that she could not tell from the inn's online reservation system whether it had ADA complaint rooms.[38] With only an information injury alleged, the Court noted that the ultimate problem in the plaintiff's case was her failure to show how the alleged violation affected her in a concrete way.[39] This is in stark contrast to the case at bar, as Plaintiff suffered an actual injury in fact as defined by the ADA when he personally encountered the barriers to entry at the Subject Property.

In contrast to Laufer, here, Plaintiff has alleged ADA violations have negatively affected his concrete interest in utilizing the facilities and accommodations when he visited the Subject Property near his residence. Barriers at the property prevented him from exercising his rights

---

[33] Lee v. Verizon Commc'ns, Inc., 837 F.3d 523, 529 (5th Cir. 2016) (quoting Spokeo, 136 S. Ct. at 1549).
[34] Laufer v. Mann Hospitality, L. L.C., 996 F.3d 269 (5th Cir. 2021).
[35] Id.
[36] Id.; at 2.
[37] Id.; at 16.
[38] Id.; at 1.
[39] Id.; at 21.

granted under the ADA. Plaintiff fully intends on revisiting the Subject Property in the near future to once again attempt to exercise those rights.[40] Still, he will not subject himself to unnecessary harm or injury by attempting to access the premises while the physical barriers remain present, nor is that required for Plaintiff to have standing in this matter as the injury in fact has already been suffered. The failed attempt by Defendant to compare the facts in Laufer to this case undermines all disabled individuals' right to the full and equal enjoyment of places of public accommodation and does a disservice to the steps taken by Plaintiff to make his community a more accessible version of itself as an ADA tester.

Defendant's suggestions that Plaintiff does not have standing to sue based upon whether Plaintiff was a "patron" or "attempted patron", and, further, for Plaintiff not providing a reason for visiting the store other than as an advocate for the disabled to search for violations, are misguided. In the seminal case on tester law, Havens Realty, a tester under the Fair Housing Act of 1968 sought information from a real estate agent regarding whether there were units available for rent in a given community.[41] The real estate agent went on to tell the tester, an African American, that there were no available units, but later informed a separate tester, who was a white man, that there were in fact vacancies in the community at issue. The Supreme Court noted in Havens Realty that "the tester may have approached the real estate agent fully expecting that he would receive false information, and without any intention of buying or renting a home, [and this] does not negate the fact of injury." [42] Similarly, Plaintiff, while not conceding this as fact, could have approached the Subject Property with no intention of buying any goods or services, expecting to be denied his

---

[40] See ECF Document 13 Amended Complaint, Factual Allegations 9-10; see also Allegations 22-24.
[41] Havens Realty Corporation v. Coleman, 455 U.S. 363, 102 S.Ct. 1114, 71 L.Ed.2d 214 (1982).
[42] Id.

rights to full and equal enjoyment of the accommodations and facilities present under the ADA, and still have standing to bring a lawsuit.

For instance,

> "In Colo. Cross-Disability Coal. v. Abercrombie & Fitch Co., a tester sued the owners of a retail store under Title III, alleging that their stores were inaccessible to individuals who use wheelchairs… [the Court] held that "anyone who has suffered an invasion of the legal interest protected by Title III may have standing, regardless of his or her motivation in encountering that invasion.""[43]

The Court also held that the plaintiff had standing because she alleged that she would regularly return to the store. The Court further noted that Laufer did not allege that she will encounter any accessibility barriers because she has no intention of attempting to access the [hotel]. Again, the case at bar is analogous to Colo. Cross-Disability Coal rather than Laufer because Plaintiff in the case at bar has alleged that he has, and will continue, to return to the Subject Property in the immediate future.[44] Contrary to Defendant's assertions, the holding from the Laufer case did nothing to disestablish tester law nor attempt to remove a tester's ability to maintain standing for a lawsuit brought under the ADA.

## **CONCLUSION**

Accordingly, Plaintiff respectfully requests that this Honorable Court deny Defendant's Motion to Dismiss for the foregoing reasons.

Dated this 13th of July, 2022.

                                                  Respectfully submitted,
                                                  /s/ Duncan Strickland
                                                  Duncan Strickland
                                                  20333 State Hwy 249, #200
                                                  Houston, Texas 77070
                                                  Telephone: (713) 588-0388
                                                  E-mail: Duncan@TexasLandLordAttorney.com

---

[43] Laufer v. Mann Hospitality, L. L.C., at 19, Quoting Colo. Cross-Disability Coal. v. Abercrombie & Fitch Co., 765 F.3d 1205 (10th Cir. 2014)
[44] See ECF Document 13 Amended Complaint, Paragraphs 9, 10, 14, &15.

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served on all counsel of record via the Court's ECF system this 13th day of July, 2022.

/s/ Duncan Strickland

**EXHIBIT A**

ZARZAMORA CORNER STORE
1601 N ZARZAMORA ST
SAN ANTONIO, TX 78201
210-733-8808

12/14/2021                    17:49:48
Merchant ID:        ************5621
Device ID:                       0070
Terminal ID:                     PPX1.

## Debit Sale:

Transaction #:                     26
Account:            ************8126
Entry:                         Swiped

Amount:                         $4.64

STAN:                             974
Auth. Code:                    002997
Batch Number:                       4
Response:                    AUTH/TKT
Debit Card Type:                  023

CUSTOMER COPY